IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:09-CV-37-WKW |
| v. ) | |
| ) | |
| THORINGTON ELECTRICAL & ) | |
| CONSTRUCTION COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Travelers Casualty and Surety Company of America ("Travelers") brings this action against Thorington Electrical & Construction Company ("Thorington Electrical"), Kelvin Thorington ("Mr. Thorington"), and Diane Thorington ("Mrs. Thorington"), seeking reimbursement of $787,756.34 in losses, costs, and expenses, and $298,730.91 as collateral against unliquidated losses, costs, and expenses incurred as a result of issuing bonds on behalf of Thorington Electrical. This cause is before the court on Travelers' motion for summary judgment on its claim for exoneration and specific performance. (Docs. # 29, 30.) Defendants did not file a response to Travelers' motion. Upon careful consideration of counsel's brief, the relevant law, and the record as a whole, the court finds that Travelers' motion for summary judgment is due to be granted.

### **I. FACTS AND PROCEDURAL HISTORY**

The following facts derive from Travelers' verified complaint (Doc. # 1), the affidavit

and supplemental affidavit of Michael F. Burkhardt ("Burkhardt") (Burkhardt Aff. I, Doc. # 31, Ex. 1; Burkhardt Aff. II, Doc. # 40, Ex. I), and the parties' indemnity agreement (Doc. # 31, Ex. 2).

At the request of Thorington Electrical, Travelers issued performance and payment bonds in favor of the United States of America for two construction projects, known as the New Entry Control Facility, Bell Street Gate (FA3300-050C-0015) ("the Gate") and 10 Lane Bowling Center, Gunter Annex (FA3300-060C-0015) ("The Bowling Alley") at the Maxwell Air Force Base in Montgomery, Alabama.  (Verified Compl. ¶ 5; Burkhardt Aff. I ¶ 2.)

Prior to the issuance of the bonds, Thorington Electrical, Mr. Thorington, and Mrs. Thorington (collectively "Defendants"), jointly and severally, executed a General Agreement of Indemnity ("GAI") in favor of Travelers, in which Defendants promised to exonerate, defend, and hold Travelers harmless from all loss, cost, or expense, as defined in the GAI. (Verified Compl. ¶ 6; Burkhardt Aff I ¶ 3.)

Travelers received notice of claims for non-payment from the laborers and material suppliers of Thorington Electrical on the above-referenced projects.  (Verified Compl. ¶ 8; Burkhardt Aff. I ¶ 4.)  According to Travelers, one or more of these claims may be meritorious and it intends to discharge any obligations which it may owe other claimants in accordance with the requirements of its bonds and applicable law.  (Verified Compl. ¶ 8; Burkhardt Aff.  I ¶ 4.)

As of November 20, 2009, Travelers has incurred losses and expenses in the amount of $748,529.77 in the performance of its obligations under the aforementioned bonds, and $39,226.57 in legal, consulting, and travel expenses. (Burkhardt Aff. II ¶ 2.) Additionally, based upon its investigations, Travelers has established a remaining loss and expenses reserve in the amount of $298,730.91 in anticipation of further losses under the bonds. (Burkhardt Aff. II ¶ 2.) Travelers has requested that Defendants, separately and severally, deposit collateral, money, or other security in the amount of its current loss reserve pending final disposition of the claims. Defendants have failed to do so. (Verified Compl. ¶ 10; Burkhardt Aff. I. ¶ 8.) The total amount requested by Travelers equals $1,086,487.25. (Burkhardt Aff. II.)

## II. STANDARD OF REVIEW

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Under Rule 56, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no genuine issue of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23. "[T]he court must view all evidence and make all reasonable inferences

in favor of the party opposing summary judgment." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995).

Once the moving party has met its burden, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine factual dispute exists if "a reasonable jury could return a verdict for the non-moving party." *Damon v. Fleming Supermarkets, Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999) (internal quotation marks and citation omitted).

"[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Prop., 5800 S.W. 4th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The court, however, "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Id.*

### III. DISCUSSION

According to Alabama law, a surety is entitled to reimbursement from a principal for claims made pursuant to a valid indemnity agreement, so long as the payments were made

4

in good faith. *Frontier Ins. Co. v. Int'l, Inc.*, 124 F. Supp. 2d 1211, 1213 (N.D. Ala. 2000) (citing *Doster v. Cont'l Cas. Co.*, 105 So. 2d 83 (Ala. 1958)); *see also Employers Ins. of Wausau v. Able Green, Inc.*, 749 F. Supp. 1100, 1103 (S.D. Fla. 1990) ("[A] surety is entitled to reimbursement pursuant to an indemnity contract for any payments made by it in a good faith belief that it was required to pay, regardless of whether any liability actually existed." (emphasis removed)).  In addition to a surety's contractual rights under a valid indemnity agreement, Alabama creates a statutory right to reimbursement.  Alabama Code § 8-3-5 provides, in relevant part, as follows: "Payment by a surety . . . of a debt past due entitles him to proceed immediately against his principal for the sum paid, with interest thereon, and all legal costs to which he may have been subjected by the default of the principal."

Defendants, having failed to respond to Travelers' motion for summary judgment, do not contest the validity of the GAI and do not contend that Travelers acted in bad faith in making the payments.  Thus, the court need only determine whether the motion for summary judgment is supported by the evidence submitted. *See One Piece of Real Prop., 5800 S.W. 4th Ave., Miami, Fla.*, 363 F.3d at 1101.

The indemnity agreement in this case, the GAI, states that the "Indemnitors shall exonerate, indemnify and save Company harmless from and against all Loss."[1]  (GAI ¶ 3.) "Loss" is defined in the GAI as

> [a]ll loss and expense of any kind or nature, including attorneys' . . . fees, which Company incurs in connection with any Bond or this Agreement,

---

[1] "Indemnitors" refers to Defendants, and "Company" refers to Travelers.  (*See* GAI ¶ 1.)

5

> including but not limited to all loss and expense incurred by reason of Company's: (a) making any investigation in connection with any Bond; (b) prosecuting or defending any action in connection with any Bond; (c) obtaining the release of any Bond; (d) recovering or attempting to recover Property in connection with any Bond or this Agreement; (e) enforcing by litigation or otherwise any of the provisions of this Agreement; and (f) all interest accruing thereon at the maximum legal rate.

(GAI ¶ 1.)  With regard to the amount of Defendant's liability, the GAI provides that "[a]n itemized, sworn statement by an employee of Company, or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability." (GAI ¶ 3.)

Burkhardt, an Associate Claim Counsel with Travelers, testified in his supplemental affidavit that as of November 20, 2009, "Travelers has paid claims and expenses under the TECC bond program totaling $748,539.77[,]" and "has incurred legal, consulting and travel expenses as a result of the issuance of bonds[,]" in the amount of $39,226.57.  (Burkhardt Aff. II ¶ 2.)  Thus, in accordance with the express terms of the GAI and Alabama Code § 8-3-5, Travelers is entitled to reimbursement of losses, including attorney's fees, totaling $787,756.34.  (*See* Burkhardt Aff. II ¶ 2.)

Travelers also seeks $298,730.91 as collateral against unliquidated losses, costs, and expenses.  (Burkhardt Aff. II ¶ 2.)  As a basis for this request, Travelers points, once again, to the express terms of the GAI, which requires Defendants to

> deposit with Company, upon demand, an amount as determined by Company sufficient to discharge any Loss *or anticipated Loss*. . . . Sums deposited with Company pursuant to this paragraph may be used by Company to pay such

6

claim *or be held by Company as collateral security against any Loss or unpaid premium on any Bond*.

(GAI ¶ 5 (emphasis added).)

The express terms of the GAI support Travelers' uncontested arguments that it is entitled to reimbursement and exoneration in this case. Further, the uncontroverted evidence, in the form of a verified complaint and two affidavits, establishes the amount owed Travelers.

## IV.  CONCLUSION

Based on the foregoing, the court finds that there is no genuine issue of material fact as to (1) Defendants' liability under the contract and (2) the amount of Defendants' liability. The undisputed evidence shows that Travelers in entitled to recover $1,086,487.25 from Defendants.

Accordingly, it is ORDERED that Travelers' motion for summary judgment is GRANTED. A final judgment will be entered.

DONE this 8th day of December, 2009.

                                          /s/  W.  Keith Watkins
                                      UNITED STATES DISTRICT JUDGE