IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY ) | |
| COMPANY OF AMERICA, ) | |
|   ) | |
|   Plaintiff, ) | |
|   ) | CASE NO. 2:09-CV-37-WKW [WO] |
|   v. ) | |
|   ) | |
| THORINGTON ELECTRICAL & ) | |
| CONSTRUCTION COMPANY, *et al.*, ) | |
|   ) | |
|   Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants Thorington Electrical & Construction Company, Kelvin Thorington, and Diane Thorington move for relief from this court's order granting summary judgment in favor of Plaintiff Travelers Casualty and Surety Company of America ("Travelers"). This cause is before the court on Defendants' motion to alter, amend, or vacate the judgment (Docs. # 43, 46, 49), and Travelers' responses (Docs. # 45, 48, 53). Upon consideration of counsel's arguments, the relevant law, and the record as a whole, the court finds that Defendants' motion is due to be denied.

**I. BACKGROUND**

Travelers filed a "Verified Complaint for Exoneration of Surety" on January 15, 2009, seeking damages incurred as a result of issuing performance and payment bonds on behalf of Thorington Electrical for certain construction projects to be performed by Thorington Electrical as general contractor. (Doc. # 1.) After the parties filed their report of their Rule

26(f) planning meeting (Doc. # 19), the court issued a Uniform Scheduling Order ("USO" (Doc. # 22)) and a General Briefing Order ("GBO" (Doc. # 23)) on April 6, 2009. The USO stated that all dispositive motions "shall be filed no later than August 17, 2009" (USO, ¶ 3), and the GBO required that all responsive briefs be filed "21 days after the date the motion is filed" (GBO, ¶ 2). Travelers filed its motion for summary judgment and accompanying brief on August 14, 2009. (Docs. # 29, 30.) Thus, in accordance with the GBO, Defendants had until September 4, 2009, to file a response. Defendants, however, failed to respond or otherwise request an extension to respond, and on November 9, 2009, this court granted Travelers' motion for summary judgment. (Doc. # 39.) Judgment was entered on behalf of Travelers on December 8, 2009, in the amount of $1,086,487.25. (Doc. # 42.)

Defendants subsequently filed three post-judgment briefs. (Docs. # 43, 46, 49.) As discussed below, the court construes the first two briefs as post-judgment motions under Rules 60 and 59, respectively. Travelers timely responded to all three briefs. (Docs. # 45, 48, 53.)

## II. DISCUSSION

"A post-judgment motion may be treated as made pursuant to either [Rule] 59 or 60 – regardless of how the motion is styled by the movant – depending on the type of relief sought." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). Because a motion brought under Rule 59 tolls the filing period for appeals, this distinction is significant. *See Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir. 1988); *Livernois v. Med. Disposables,*

*Inc.*, 837 F.2d 1018, 1020 (11th Cir. 1988); *Burnam v. Amoco Container Co.*, 738 F.2d 1230, 1232 (11th Cir. 1988) (noting that "[a] Rule 60 motion . . . does not affect the finality of a judgment or suspend its operation for purposes of appeal"). Where a party seeks to amend a substantive aspect of the judgment, Rule 59 is the appropriate vehicle; however, where a party raises collateral issues, Rule 60 is the appropriate vehicle. *Finch*, 845 F.2d at 258. Typically, post-judgment motions brought within twenty-eight days of the judgment, and that "call[] into question the correctness of that judgment[,]" are construed under Rule 59. *See id.* at 258-59 (quoting *Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir. 1978)).[1]

Here, Defendants filed their initial post-judgment brief – styled as a "Motion to Grant Relief From Order Under Rule 60(b) F.R.C.P" – on December 15, 2009 (Doc. # 43), well within the time allotted under Rule 59. Their second brief, which was also filed within the twenty-eight-day period, was styled as a "Brief in Support of Defendants' Motion to Alter, Amend or Vacate Judgment." (Doc. # 46.) Although the titles of the briefs are not dispositive, Defendants appear to argue substantive (*e.g.*, manifest error of fact) and collateral issues (*e.g.*, excusable neglect in missing a deadline and fraudulent conduct on the part of Travelers). Thus, although the parties only brief Rule 60(b), the court will address both Rule 60(b) and 59(e).

---

[1] As of December 1, 2009, the time period to bring a Rule 59 motion was expanded from ten days to twenty-eight days. Fed. R. Civ. P 50(e).

3

**A.**     **Rule 60(b)**

Defendants present three arguments in support of their motion for relief under Rule 60(b). Briefly, they contend: (1) that their failure to respond to Travelers' motion for summary judgment was "excusable neglect" under subsection 60(b)(1); (2) that the evidence of damages submitted in support of Travelers' motion constituted a "fraud on the court" under subsection 60(b)(3); and (3) that the interests of justice require relief from final judgment under subsection 60(b)(6). Each argument is addressed in turn.

*1.     "Excusable Neglect" Under Rule 60(b)(1)*

Rule 60(b)(1) provides that the court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Whether a party's neglect is "excusable" is, at bottom, an equitable determination, which takes "account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In making that determination, a court considers the following factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*; *see also Cheney v. Anchor Class Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

Defendants provide scant factual or legal bases for relief under subsection (b)(1). They cite the First and Seventh Circuits for the proposition that "[t]he attorney's negligent

4

and inadvertent failure to meet a deadline is an argument for modifying the judgment." (Doc. # 49, at 2.)  While it is true that Rule 60(b)(1) encompasses situations attributable to negligence and inadvertence, the mere fact of "negligent or inadvertent failure to meet a deadline" is not, without more, a basis for granting relief under Rule 60(b)(1).  The moving party must demonstrate, through the factors articulated above, that the neglect was "excusable."  According to the First Circuit opinion upon which Defendants rely, this is a "demanding standard."  *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 164 (1st Cir. 2004).

Of the four factors listed above, the length and reason for delay weigh heavily against Defendants in this case.  Almost three months transpired between the time the motion for summary judgment was filed and the time the motion was granted, and another one month transpired between the order granting the motion and the judgment itself.  It was not until almost seven weeks after the judgment was entered that Defendants filed their final brief in support of their 60(b) motion.  (Doc. # 49.)  Most importantly, however, is Defendants' apparent lack of justification for the delay.  *See, e.g.*, *$23,000 in U.S. Currency*, 356 F.3d at 164 (stating that the reason for the delay "will always be critical to the inquiry"); *Demint v. Nationsbank Corp.*, 208 F.R.D. 639, 642 (M.D. Fla. 2002) ("[T]he starting point and common denominator (indeed, the *sine qua non*) in every case employing an analysis of excusable neglect is an explanation of the reason for the delay.").  Here, Defendants contend that their failure to respond to the motion for summary judgment was based on a

5

"misunderstanding." (Doc. # 49, at 2.)  Apparently, Defendants either misunderstood the court's previous orders (Doc. # 43, ¶ 1), misunderstood representations from opposing counsel (Doc. # 43, ¶ 2), and/or misunderstood whether another case was dispositive of the issues at hand (Doc. # 43, ¶ 3).  However, to the extent Defendants were unsure of whether or when to respond to the motion for summary judgment, they sought no clarification during the three months between the filing and the granting of the motion.  At a minimum, the various filings, including the motion itself (Doc. # 30) and the order granting the motion (Doc. # 39), should have alerted Defendants of the need to review the record and act accordingly.

Further, as Travelers notes, Defendants' blatantly inaccurate statement in their initial brief that "[t]he Court never set a date for Defendants to respond" (Doc. # 43, ¶ 1) demonstrates a lack of good faith. (*See* GBO, filed Apr. 6, 2009 (Doc. # 23) (stating that all responsive briefs shall be filed "21 days after the date the motion is filed").)  This is not a case where an "innocent oversight" or "slight mistake" caused the failure to respond. *Compare Cheney*, 71 F.3d at 850 (finding that a miscommunication between lawyers resulting in a six-day late filing, where there was no indication of bad faith or prejudice, constituted "excusable neglect"); *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201-02 (11th Cir. 1999) (finding that a secretary's filing mistake resulting in a late response, where there was no indication of bad faith or prejudice, constituted "excusable neglect").  Thus, on balance, the court finds that Defendants have not demonstrated that their

failure to respond to the motion for summary judgment constituted "excusable neglect" under Rule 60(b)(1).[2]

### 2. *Fraud Under Rule 60(b)(3)*

Defendants next contend that Travelers "committed a fraud on the court" justifying relief under Rule 60(b)(3). Subsection (b)(3) provides that the court may relieve a party from a final judgment or order for "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The moving party bears the burden of proving by clear and convincing evidence that the judgment was obtained through fraud, misrepresentation, or misconduct. *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003). "The moving party must also demonstrate that the conduct prevented [him] from fully presenting his case." *Id.* "This subsection of the Rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978).[3]

It appears that the bulk of Defendants' arguments relates either to the merits of Travelers' claims or the amount of damages awarded. Specifically, Defendants assert in their

---

[2] The court notes that "the proper focus is upon whether the neglect of [the movants] *and their counsel* was excusable." *Pioneer Inv. Serv. Co.*, 507 U.S. at 397. "[C]lients must be held accountable for the acts and omissions of their attorneys . . . . Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Id.* at 396-97 (internal quotations omitted). There is no indication that the actions of counsel in this case were not "within the reasonable control of the movant[s]." *Id.* at 395.

[3] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981.

initial brief that "[what] the Plaintiff claims is owed by the Defendants show[s] a gross overpayment and speculative damages." (Doc. # 43, ¶ 4.) Defendants expand upon this notion in their second brief, asserting that the affidavit submitted with Travelers' motion for summary judgment (Doc. # 31, Ex. 1) "is believed to be a fraud on the Court" (Doc. # 46, ¶ 2), and contending that Travelers (1) interfered with Defendants' attempts to satisfy unpaid claims (Doc. # 46, ¶ 3); (2) filed the instant suit despite having knowledge that "the process of formalizing complaints against the government" was ongoing (Doc. # 46, ¶ 4); and (3) misrepresented the amount of damages it had incurred and would incur on Defendants' behalf (Doc. # 46, ¶¶ 5-7). However, any allegation of fraud on the part of Travelers "in discharging its obligations under the bond" is an affirmative defense, *Frontier Ins. Co. v. Int'l Inc.*, 124 F. Supp. 2d 1211 (N.D. Ala. 2000), that cannot now be raised for the first time post-judgment. Likewise, to the extent factual disputes exist as to the amount Travelers was owed under the contract, Defendants should have raised those arguments and presented that evidence in response to Travelers' motion for summary judgment. Moreover, subsection 60(b)(3) is not the vehicle for challenging factually incorrect judgments – Rule 60(b)(2) is. *See Rozier*, 573 F.2d at 1339 n.4 (noting that "factually incorrect judgments are the subject of Rule 60(b)(2), which provides for relief from a judgment on grounds of 'newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)'").

Furthermore, Defendants have made no showing that any alleged fraud on the part of Travelers "prevented them from fully presenting [their] case." *Waddell*, 329 F.3d at 1309; *see also Murphy v. Mo. Dep't of Corr.*, 506 F.3d 1111, 1117 (8th Cir. 2007). As the court held in *Murphy*, the mere fact that an affidavit submitted in support of a motion for summary judgment may have been fraudulent is not sufficient grounds for granting relief under Rule 60(b)(3). *Id.* The moving party still has the burden of showing how the allegedly fraudulent affidavit prevented the full and fair presentation of its case at the summary judgment stage. *Id.* Here, Defendants do not contend that their failure to respond at the summary judgment stage had anything to do with Travelers' conduct or representations.

Accordingly, the court finds that Defendants have not shown by clear and convincing evidence that the judgment was obtained through fraud; nor have Defendants demonstrated that any alleged fraud on the part of Travelers prevented them from fully defending their interests.

### 3.   *In the Interests of Justice Under Rule 60(b)(6)*

Defendants make a passing reference to Rule 60(b)(6), which provides that a court may relieve a party from a final judgment or order for "any other reason that justifies relief." (Doc. # 49, at 2.) "It is well established . . . that relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). "The party seeking relief has the burden of showing that absent

9

such relief, an 'extreme' and 'unexpected' hardship will result." *Id.* (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)).

Defendants' "argument" in this regard amounts to the following: "Defendants also argue . . . Reason 6, In the Interests of Justice." (Doc. # 49, at 2.) They make no attempt to support this contention. However, to the extent Defendants meant to incorporate arguments from their previous two briefs – that attorney negligence constitutes an extraordinary circumstance warranting relief under Rule 60(b)(6) – this argument has been foreclosed by Eleventh Circuit precedent. *See Solaroll Shade & Shutter Corp. Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986) (holding that Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive). Because the court cannot discern any other arguments justifying relief under this provision, Defendants' motion is due to be denied on this basis.

**B.     Rule 59(e)**

Because the specific grounds for a motion to amend or alter under Rule 59(e) are not listed in the Rule itself, the court "has considerable discretion in reconsidering an issue." *Sussman v. Salem, Saxon & Nelson*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Although arguably broader than Rule 60(b), Rule 59 "is an extraordinary remedy to be employed sparingly." *Id.* "'The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact,'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.1999)), each of which is discussed below.

### *1. Newly-Discovered Evidence*

Defendants submit several pieces of previously unsubmitted evidence with their second brief in an apparent attempt to show that the amount of damages should be altered or amended. (*See* Doc. # 46, Exs. 1-13.) However, "where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays*, 122 F.3d at 46. There is no indication that the evidence submitted in support of Defendants' motion was not available during the pendency of Travelers' motion for summary judgment. In fact, upon review of the evidence submitted with Defendants' second brief, it appears that all of the letters, emails, etc., that could have potentially undermined Traveler's evidence of damages were available *prior* to the time Travelers filed its motion for summary judgment. Thus, Defendants' Rule 59(e) motion is due to be denied on this basis.

### *2. Manifest Error of Law or Fact*

Defendants do not contend that the court committed a manifest error of law in granting Traveler's motion for summary judgment. To the extent they argue that the court committed a manifest error of fact, that argument is clearly meritless. Although "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed," the court "need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted." *United States v. One Piece of Real Prop., 5800 S.W. 4th*

11

*Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). Instead, the court need only "ensure that the motion itself is supported by evidentiary materials." *Id.* The evidence submitted in support of Traveler's motion for summary judgment – the affidavit of Michael F. Burkhardt and the General Agreement of Indemnity – was the only evidence before the court when it granted the motion. (Doc. # 31, Exs. 1-2.) To the extent Defendants argue that the amount of damages was factually incorrect, rather than calculated in error, their time for doing so has passed. "'[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *One Piece of Real Prop., 5800 S.W. 4th Ave., Miami, Fla.*, 363 F.3d at 1101 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). Thus, Defendants' Rule 59(e) motion to alter or amend the judgment is due to be denied on this basis.

### III. CONCLUSION

Based on the foregoing, it is ORDERED that Defendants' motions for relief under Rules 60(b) and 59(e) of the Federal Rules of Civil Procedure (Docs. # 43, 46) are DENIED.

DONE this 1st day of March, 2010.

                                /s/ W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE